**Opinion issued October 1, 2013**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-13-00606-CV

_____

**TOMMY L. PARKER, Appellant**

**V.**

**RON MCLAURIN, JESSE MENDEZ, AND VILSEN SALINAS, Appellees**

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2010-51822**

---

## MEMORANDUM OPINION

Appellant, Tommy L. Parker, attempts to appeal from the local administrative judge's denial of appellant's request to place his previously dismissed case on the court's trial docket. We dismiss the appeal.

Appellant has been twice adjudicated as a vexatious litigant. Appellant sought permission from the local administrative judge to have his previously dismissed case placed on the court's trial docket. The local administrative judge denied appellant's request for permission, and appellant filed a notice of appeal.

"A decision of a local administrative judge denying a litigant permission to file . . . litigation . . . is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(c) (West Supp. 2012).[1] In this case, appellant did not timely apply for a writ of mandamus with this Court or file an appellate brief that the Court could construe as a petition for writ of mandamus. Further, the Court is unable to consider appellant's notice of appeal as a petition for writ of mandamus because it does not meet the requirements of Texas Rule of Appellate Procedure 52. *See Sandoval v. First Nat'l Bank*, No. 13-10-00249-CV, 2010 WL 1804965, at *1 (Tex. App.—Corpus Christi May 4, 2010, no pet.); *see also* TEX. R. APP. P. 52. Therefore, because appellant may not appeal the local administrative judge's order and did not apply for a writ of mandamus within 30 days of the local administrative judge's decision, the Court

---

[1] We determine this case under former section 11.102(c) of the Texas Civil Practice and Remedies Code because this action was filed prior to September 1, 2013, the effective date of the amended statute. *See* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 9.03, sec. 11.102, 2011 Tex. Gen. Laws 5206, 5247-48, *amended by* Act of May 25, 2013, 83d Leg., R.S., ch. 1224, § 5, sec. 11.102, 2013 Tex. Sess. Law Serv. 3080, 3081-82 (West).

is without jurisdiction over this case.  *See Ruston v. State*, No. 05-13-00152-CV, 2013 WL 3943124, at \*1 (Tex. App.—Dallas July 31, 2013, pet. filed); *Reeves v. State*, No. 05-12-01142-CV, 2013 WL 1249713, at \*1 (Tex. App.—Dallas Feb. 13, 2013, no pet.).

After being notified that this appeal was subject to dismissal for want of jurisdiction, appellant did not adequately respond.  *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.